IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WREMBUREN JONES, JR.                                                                                PLAINTIFF

v.                                              Civil No. 1:16-cv-01081

SHERYL MENDENHALL, Registered
Nurse, Ouachita County Detention Center
(OCDC); JAIL ADMINISTRATOR
JAMES BOLTEN, OCDC; and JAIL
SUPERVISOR DOUG WOODS, OCDC                                                                      DEFENDANTS

**ORDER**

Plaintiff Wremburen Jones, Jr. proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendants' Motion to Dismiss. ECF No. 17. Plaintiff has not responded, and the time for response has passed.

Plaintiff filed his Complaint (ECF No. 1) on September 12, 2016. Defendants first served Interrogatories and Requests for Production on Plaintiff on September 28, 2016. The discovery requests were not returned as undeliverable. Plaintiff did not respond. On November 7, 2016, Defendants attempted to resolve the discovery dispute in good faith without court intervention and sent correspondence to Plaintiff requesting his past-due discovery responses within ten (10) days. The correspondence was not returned as undeliverable. Plaintiff again failed to respond.

On November 30, 2016, Defendants filed a Motion to Compel (ECF No. 13). Plaintiff did not respond. On December 15, 2016, United States Magistrate Judge Barry Bryant issued an Order granting the Motion to Compel and directing Plaintiff to provide discovery responses to

Defendants by December 30, 2016.  ECF No. 15.  On January 6, 2017, mail addressed to Plaintiff was returned as undeliverable and noted on the Court's Docket "No new address available."  ECF No. 16.  To date, Plaintiff has not filed any response to Defendant's Motion to Compel or the Court Order directing him to provide discovery responses to Defendants.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order".  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff's last communication with the Court was September 12, 2016, when he filed his Complaint.  ECF No. 1.  Plaintiff has failed to prosecute this case and has failed to comply with the Court's Order.  ECF No. 15.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b)

and Local Rule 5.5(c)(2), Defendants' Motion to Dismiss (ECF No.17) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

  **IT IS SO ORDERED,** this 6th day of March, 2017.

                   <u>/s/ Susan O. Hickey</u>
                   Susan O. Hickey
                   United States District Judge